# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| DUSTIN MERRYFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-3259-JAR |
| | ) | |
| DON JORDAN, | ) | |
| *Secretary, Kansas Social* | ) | |
| *and Rehabilitation Services, et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter comes before the court upon Plaintiff's Request to Review the Clerk's Granting of the Defendants' Request for Extension of Time, Requested on August 16, 2010 (Doc. 30). Defendants have not filed a response to the motion, and the time to do so has passed. For reasons explained below, the motion is denied.

On June 29, 2010, the clerk's office granted a fourteen-day extension of time for defendants Don Jordan, Linda Kidd, and Cory Turner to answer or otherwise respond to plaintiff's complaint. This district's local rules authorize the clerk to enter such orders. D. Kan. Rule 77.2(a)(2) provides that the clerk may, without direction of the court, grant orders "extending once for 14 days the time within which to answer, reply, or otherwise plead to a complaint, crossclaim, or counterclaim if the time originally prescribed to plead has not expired." Plaintiff seeks review of the clerk's order pursuant to D. Kan. Rule 77.2(c), which states that "[f]or good cause, the court may suspend, alter, or rescind the actions of the clerk under this rule."

According to plaintiff, the extension was improper because defendants failed to comply with the requirements of D. Kan. Rule 6.1, which he argues applies to a clerk's extension of time. D. Kan. Rule 6.1 requires that a motion for an extension of time must state whether the movant has

contacted the opposing party and whether that party opposes the motion. Under this rule, the movant must also demonstrate good cause for the extension. Plaintiff states he was not contacted and points out defendants did not demonstrate good cause for the extension.

The court disagrees with plaintiff's analysis. Deciding whether a party has established good cause and determining whether to grant a contested motion are matters for a court to decide. The clerk is not empowered to reach those issues. It follows that a party seeking a clerk's extension of time need not demonstrate good cause or contact the opposing party to see if he or she consents to the extension of time. Furthermore, the local rule provides that proposed orders submitted to the clerk for an extension of time must state the date the act was to be performed originally, the date the act would be due if the proposed order is entered, and the proposed order must state that the time originally prescribed has not expired. Proposed orders are not required to state whether the movant has contacted the opposing party or show good cause for the extension. D. Kan. Rule 77.2 also expressly incorporates the requirements of other procedural rules but not D. Kan. Rule 6.1.[1] Had the drafters of the local rules intended for D. Kan. Rule 6.1 to apply to clerk's extensions of time, they would have included this language. For the foregoing reasons, the motion is denied.[2]

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Request to Review the Clerk's Granting of the Defendants' Request for Extension of Time, Requested on August 16, 2010 (Doc. 30) is

---

[1] *See* D. Kan. Rule 77.2(b) ("Any order submitted to the clerk under this rule must be signed by the party or attorney submitting it, and is subject to Fed. R. Civ. P. 11 and D. Kan. R. 11.1.").

[2] Plaintiff's motion also argues Fed. R. Civ. P. 11 sanctions are appropriate because defendants asserted a frivolous defense in their motion to dismiss. This issue is the subject of a separate motion plaintiff has filed. Plaintiff shall refrain from filing multiple motions seeking the same relief. The court addresses plaintiff's arguments regarding Rule 11 sanctions in a separate order.

hereby DENIED.

**IT IS SO ORDERED.**

Dated this 23rd day of September, 2010, at Topeka, Kansas.

<pre>                                        s/ K. Gary Sebelius
                                        K. Gary Sebelius
                                        U.S. Magistrate Judge</pre>